# MIAMI HERALD PUBLISHING CO., et al. v. MOFFITT, et al.

## Case No. 82-84

Second Judicial Circuit, Leon County

February 15, 1984

## APPEARANCES OF COUNSEL

**Parker D. Thomson, Thomson, Zeder, Bohrer, et. al; Robert P. Smith, Jr., Hopping, Boyd, Green, and Sams; Richard J. Orelman,** General Counsel, for plaintiffs.

**Mark Herron, Richard A. Hixson** and **Jerold S. Price** for defendants.

## OPINION OF THE COURT

BEN C. WILLIS, Circuit Judge.

The Defendants' Emergency Motion to Quash Plaintiff Miami Herald's Subpoenas for Deposition was heard by the Court, upon notice, on February 10, 1984.

On Thursday, February 9, 1984, the Plaintiff Miami Herald served notice that it had set the depositions of the current President and the

President-designate of the Florida Senate, and the former and current Speaker of the Florida House of Representatives, as well as one current member and an officer of the Legislature, starting on Tuesday, February 14, 1984, and concluding Wednesday, February 19, 1984.

1. With regard to the timeliness of the Notice, as this Court indicated at the hearing, the Court is of the opinion that the notice given by the Plaintiff to the Defendants, as it pertains to the three depositions scheduled for February 14 and 15, was unreasonable short. The Court is not quashing these three subpoenas to the extent of rendering them completely illegal, but would say that to require these three men to appear on three days' notice would be unreasonable. Counsel and the parties should seek to find times in which it would be the least inconvenient, with the understanding that these depositions are not to be an extensive process.

2. With regard to the Legislature's request that this Court quash the six listed subpoenas in their entirety, the Court orders that the current President and the President-designate of the Florida Senate, and the former and current Speaker of the Florida House of Representatives, as well as one current member and an officer of the Legislature, must, upon reasonable notice, submit to deposition by the Plaintiff.

The Court deems that there is no legislative immunity from obtaining testimony of deponents that would be pertinent to the issues in this case; namely, whether or not legislative committee meetings or subcommittee meetings were held secretly, and whether or not such secret committee of subcommittee meetings violated either statutory law or rules of the respective bodies or the constitution.

The Legislature has moved for sufficient time to seek appellate review of the Order. Accordingly, the effect of Paragraph 2 of this Order is stayed until midnight, February 17, 1984, at which time the stay shall expire unless superceded or extended by the appellate court.